**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

|  |  |
|---|---|
| THE THEODORE COHEN TRUST DATED FEBRUARY 16, 2004,<br><br>        **Plaintiff,**<br><br>        v.<br><br>HYPERBARIC MEDICINE GROUP, INC., IAN K. COOK, UNITED STATES INTERNAL REVENUE SERVICE, and THE GOVERNMENT OF THE VIRGIN ISLANDS,<br><br>        **Defendants.** | Civil Action No. 2021-0006 |

**Attorneys:**
**Scot F. McChain, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant United States of America*

**Lashanda J. Willis, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Government of the Virgin Islands*

## MEMORANDUM OPINION

**Lewis, District Judge**

    THIS MATTER comes before the Court on Plaintiff The Theodore Cohen Trust Dated February 16, 2004's ("Cohen Trust" or "Trust") "Motion for Summary Judgment and Judgment By Default" against Defendants Hyperbaric Medicine Group, Inc. ("Hyperbaric"), Ian K. Cook ("Cook"), the United States Internal Revenue Service ("IRS"), and the Government of the Virgin

Islands ("GVI"). (Dkt. No. 30).[1] For the reasons discussed below, the Court will grant the Cohen Trust's Motion.

## I. BACKGROUND

On November 18, 2020, the Cohen Trust filed a Complaint against Defendants in the Superior Court of the Virgin Islands for a debt owed and for foreclosure of a mortgage on real property. (Dkt. No. 1-1 at pp. 4-9). On February 5, 2021, the IRS removed the action to the District Court of the Virgin Islands. (Dkt. No. 1).

In the Complaint, the Cohen Trust alleges that on October 16, 2015, Hyperbaric and Cook (collectively, "the Borrowers") executed and delivered a promissory note (the "Note") in favor of the Cohen Trust in the principal amount of $50,000. (Dkt. No. 1-1 at p. 5, ¶ 8). As security for the Note, the Borrowers also executed and delivered to the Trust a mortgage (the "Mortgage"), encumbering the property described in the Warranty Deed as:

> Remainder Plot No. 2 Estate Mt. Pleasant, Northside Quarter "B", St. Croix United States Virgin Islands, consisting of 1.35 U.S. acre, more or less, as more fully shown on OLG No. D9-6228-C011 dated February 22, 2011

(the "Property"). *Id.* at p. 10, ¶ 7. The Complaint alleges that the Mortgage was recorded on October 16, 2015 with the Recorder of Deeds for the District of St. Croix.[2] *Id.* at p. 5, ¶ 9.

The Complaint further alleges that the Borrowers defaulted under the terms and conditions of the Note by failing to make monthly installments of principal, interest, and other charges that

---

[1] The summary judgment portion of the Motion is directed against the IRS and the GVI, and the default judgment portion of the Motion is directed against Hyperbaric and Cook.

[2] It appears from the record that the Mortgage was actually recorded on October 21, 2015. A payment stamp on the Mortgage by the Recorder of Deeds bears the date of October 21, 2015. (Dkt. No. 1-1 at p. 22). Similarly, the Title Report submitted by the Cohen Trust states that the Mortgage was recorded on October 21, 2015. *Id.* at p. 25. The Court has also confirmed from publicly available sources that the Mortgage was recorded on October 21, 2015. *See* United States Virgin Islands Recorder of Deeds, https://ltg.gov.vi/departments/recorder-of-deeds/ (last accessed January 27, 2023).

became due pursuant to the Note and the Mortgage. *Id*. at p. 5, ¶ 11. By correspondence dated October 7, 2020, the Cohen Trust gave notice of default to the Borrowers advising that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. *Id.* at p. 6, ¶ 13. As of the date of the Complaint, the default was not cured; payment of the debt was accelerated; and the Borrowers remained in default. *Id.* at p. 6, ¶¶ 14-18.

The Cohen Trust seeks, *inter alia*, judgment in its favor and against the Borrowers: declaring that the Borrowers have defaulted under the terms of the Note and the Mortgage, thereby entitling the Cohen Trust to exercise all remedies provided by those documents; awarding the principal balance due on the Mortgage plus interest, other charges, costs, expenses, and attorneys' fees; declaring that the Cohen Trust's Mortgage forecloses the interests of all other lienholders subject only to statutory redemption rights; ordering that the Property be sold with any proceeds to be applied to the sums due to the Cohen Trust; and allowing for the recovery of any deficiency judgment against the Borrowers *Id*. at 8-9.

On April 12, 2022, the Cohen Trust filed a "Motion for Summary Judgment and Judgment By Default" together with a Memorandum of Law and Affidavit of Proof (Dkt. Nos. 30, 31, 31-1). On October 28, 2022, the Court ordered the Cohen Trust to file an updated Affidavit of Proof to 1) set forth the date of default; 2) explain how the unpaid principal and accrued interest charges up to and including March 21, 2022 were calculated; and (3) bring all sums, including accrued interest, current to the date of the filing of the updated Affidavit of Proof. (Dkt. No. 37). The Court also ordered that the updated Affidavit should be supported by exhibits, including the Payment Schedule referenced in the first Affidavit of Proof. *Id*.

On November 17, 2022, the Cohen Trust filed a "Supplemental Affidavit of Proof" ("Supplemental Affidavit") signed by its Trustee, Nalini Cohen, and the Payment Schedule. (Dkt.

Nos. 39, 39-1, 39-2). In the Affidavit, Cohen attests that the Borrowers defaulted under the terms of the Note by failing to pay the monthly installments that became due pursuant to the Note and the Mortgage. *Id.* at ¶ 4.[3] In addition, the Supplemental Affidavit sets forth the amount due and owing through November 17, 2022 as $44,892.97. *Id.* at ¶ 7. The Cohen Trust also asserts that interest accrues on the outstanding debt at the per diem rate of $16.79 as of November 17, 2022.[4] *Id.*

The Cohen Trust argues that the procedural elements for default judgment against the Borrowers have been satisfied because they have not defended themselves in this matter; the Borrowers are not infants or incompetent persons; and the Borrowers are not engaged in military service. (Dkt. No. 31 at ¶ 21). To date, neither of the Borrowers has responded to the Cohen Trust's Motion.

With respect to summary judgment, the Cohen Trust asserts that its lien is senior and superior to those of the IRS and the GVI. *Id.* at ¶ 8. The Trust represents that the IRS recorded its four liens between November 2, 2016 and November 18, 2017, while the Government of the Virgin Islands recorded its three liens on March 21, 2017. *Id.* at ¶¶ 6, 7. Because the Cohen Trust's lien was recorded prior to those dates—on October 21, 2015—the Trust argues that its lien is senior and superior under Virgin Islands law. *Id.* at ¶ 8. On February 17, 2022, the Cohen Trust filed two Stipulations with the Court—one signed with the IRS and the other signed with the GVI—stating that the Cohen Trust's "right, title, and interest" to the Property are "senior and superior" to that

---

[3] Based on the Supplemental Affidavit, it appears that all payments ceased after June 30, 2017, although payments on the indebtedness were sporadic from the outset. (Dkt. No. 39-1 at ¶ 6).

[4] Pursuant to the terms of the Note, following notice of default, the loan bears interest at a per annum simple interest rate equal to 15%. (Dkt. No. 1-1 at p. 15).

of the IRS and the GVI. (Dkt. Nos. 28, 29). Accordingly, the Cohen Trust argues that it is entitled to summary judgment against the IRS and the GVI.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Default Judgment

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess three factors when determining whether a default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether

5

defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain v. Giampapa*, 210 F.3d at 164).

### B.    Summary Judgment

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, based on the undisputed facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Stone v. Troy Construction, LLC,* 935 F.3d 141, 147 n.6 (3d Cir. 2019); *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In reviewing a summary judgment motion, the district court is required to view all facts "in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor." *Curto v. A Country Place Condominium Ass'n., Inc.*, 921 F.3d 405, 409 (3d Cir. 2019) (citations omitted). The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x. 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. See *Pearson v. Prison Health Service*, 850 F.3d 526, 534 (3d Cir. 2017).

Pursuant to Rule 56(e), a non-moving party is required to establish facts which show the existence of a genuine issue for trial. This does not mean, however, "that a moving party is automatically entitled to summary judgment if the opposing party does not respond." *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (internal quotations and citations omitted). "[I]f the adverse party does not [] respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Id*. (emphasis in original).

6

### III.    DISCUSSION

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. Dec. 6, 2009) ("To establish a prima facie case for recovery under a promissory note, the holder must demonstrate execution of the note and a default in payment pursuant to its terms."); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### A.    Default Judgment against Hyperbaric Medicine Group, Inc. and Ian K. Cook

The factual allegations of the Complaint and the Motion for Default Judgment, as supported by the accompanying documents, set forth all the necessary elements to entitle the Cohen Trust to judgment against the Borrowers. The Cohen Trust has provided evidence to establish the elements of its foreclosure action against each of the Borrowers. Specifically, the Cohen Trust has shown that: (1) the Borrowers executed and delivered a promissory note and mortgage dated October 16, 2015 (Dkt. No. 1-1 at 15-22); (2) the Borrowers are in default under the terms of the Note and the Mortgage (Dkt. No. 1-1 at 23-24); and (3) the Cohen Trust has possession of the Note and is the holder of the Mortgage, which provides that the Cohen Trust is entitled to foreclose its lien on the Property (Dkt. No. 1-1 at 18). Accepting the factual allegations as true and in light of the accompanying documentation confirming the terms of the Note and the Mortgage, the Court finds that the Cohen Trust has established, for purposes of default judgment, the merits of its claim.

In addition to establishing the elements of its claim, the Cohen Trust has satisfied all of the requirements necessary to obtain a default judgment against the Borrowers. It has properly shown that: (1) default was entered against the Borrowers by the Clerk of Court on December 6, 2021 (Dkt. No. 16); (2) the Borrowers have not appeared in this action; (3) Ian K. Cook is not an infant nor an incompetent person (Dkt. No. 31 at ¶ 21); and (4) the Borrowers were validly served with process (Dkt. Nos. 3, 4). Further, the Cohen Trust has provided a copy of a Military Status Report from the Department of Defense Manpower Data Center establishing that Ian K. Cook is not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)] (Dkt. No. 9-2).[5]

The Cohen Trust must also show with specificity how it calculated the amount of the judgment. In reviewing the Supplemental Affidavit, along with supporting exhibits, the Court concludes that there is an error in the calculation of the indebtedness due as of November 17, 2022. Cohen attests that the "current total principal balance" due as of November 17, 2022 is $44,892.97. (Dkt. No. 39-1 at 3). However, this amount is in error because the interest calculated between March 21, 2022 and November 17, 2022 is based on the total amount due—principal balance *plus* accrued interest—as of March 21, 2022. However, because the loan accumulates *simple*, but not *compound* interest, the interest calculation should not be based on an amount that includes previously accrued interest. *In re Grayboyes*, Civ. A. 05-1780, 2006 WL 437546, at *9 (E.D. Pa. Feb. 22, 2006) (internal citation omitted); Black's Law Dictionary 969-970 (11th ed. 2019) (Compound interest denotes "interest paid on both the principal and the previously accumulated

---

[5] Because Hyperbaric Medicine Group, Inc. is an entity, the default judgment requirements for individual defendants—that they are not infants or incompetent persons, or in the active military service—are not relevant as to that Defendant. *See United States v. Arawak Program, Inc., et al.*, Civil Action No. 2015-0027, 2016 WL 6123247, at *2 n.1 (D.V.I. Sept. 23, 2016).

interest," while simple interest refers to "interest paid on the principal only and not on accumulated interest."). Accordingly, the interest due between March 21, 2022 through November 17, 2022 should only be calculated on the principal balance of the loan as of March 21, 2022—$23,916.45—not on the principal balance plus the accrued interest—$40,863.37. Accordingly, the Court finds that the amount due as of November 17, 2022 was $43,222.57, not $44,892.97.[6] Further, the Court finds that the total amount due through the date of the entry of Judgment—January 27, 2023—is $43,920.50.[7]

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to the Cohen Trust resulting from the Borrowers' breach of their contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, the Borrowers' defaults were a result of their culpable conduct as evidenced by their refusal to respond to either the Complaint or the Amended Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc., et al.*, Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

---

[6] ($23,916.45 principal balance *x* 0.15 interest rate)/365 days = $9.83 per diem rate;
$9.83 per diem rate *x* 240 days = $2,359.20 accrued interest;
$40,863.37 total due as of March 21, 2022 + $2,359.20 accrued interest= $43,222.57 due through November 17, 2022.

[7] ($23,916.45 principal balance *x* 0.15 interest rate)/365 days = $9.83 per diem rate;
$9.83 per diem rate *x* 71 days= $697.93 accrued interest;
$43,222.57 total due as of November 17, 2022 + $697.93 accrued interest= $43,920.50 due through January 27, 2023.

In view of the foregoing, the Cohen Trust has established that default judgment is appropriate against the Borrowers.

B.     **Summary Judgment Against the IRS and the GVI**

The Cohen Trust also argues that it is entitled to summary judgment against the IRS and the GVI because its Mortgage was recorded prior to the liens filed by each agency against the Property. (Dkt. No. 31 at ¶¶ 8-12).

"When determining the priority of liens, the Virgin Islands is a race notice jurisdiction." *Kennedy Funding, Inc. v. Oracle Bus. Devs., LLC*, Civil Action No. 2012-0009, 2016 WL 447843, at *7 (D.V.I. Feb. 4, 2016). Thus, an earlier recorded instrument takes priority over a later filed instrument. *See Moco Inves., Inc. v. United States*, 362 F. App'x 305, 309 (3d Cir. 2010). Based on the record, the Cohen Trust's Mortgage was recorded on October 21, 2015. (Dkt. No. 1-1 at pp. 22, 25). The IRS' liens were recorded between November 2, 2016 and November 18, 2017, while those of the GVI were recorded on March 21, 2017. *Id.* at pp. 25-26. Because the Cohen Trust's lien was recorded prior to those of the IRS and the GVI, the Trust has a first priority lien on the Property. The Stipulations by the parties evidence their agreement with the Court's conclusion in this regard.

Accordingly, the Cohen Trust is entitled to summary judgment against the IRS and the GVI as to the priorities of the liens on the Property.

IV.     **CONCLUSION**

The Cohen Trust has satisfied the requirements necessary for an entry of default judgment against Defendants Hyperbaric Medicine Group, Inc. and Ian K. Cook. Accordingly, the Court will award the Cohen Trust judgment against Hyperbaric Medicine Group, Inc. and Ian K. Cook in the amount of $43,920.50 consisting of: the principal balance of $23,916.45; accrued interest

from June 30, 2017 through March 21, 2022 of $16,946.92; accrued interest of $2,359.20 from March 22, 2022 through November 17, 2022; and accrued interest from November 18, 2022 until the date of entry of Judgment, January 27, 2023, of $697.93. The total indebtedness shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a).

The Court will also grant summary judgment in favor of the Cohen Trust and against the United States Internal Revenue Service and Government of the Virgin Islands, finding that the Cohen Trust's Mortgage on the Property is a first priority lien. The Court determines the priority of the IRS' and the GVI's liens as follows: (a) IRS' two liens recorded on November 2, 2016 and February 13, 2017; (b) the GVI's three liens recorded on March 21, 2017; and (c) the IRS' two liens recorded on September 15, 2017 and November 18, 2017.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: January 27, 2023                                          _____/s/_____
                                                                WILMA A. LEWIS
                                                                District Judge

11